UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv61313

AZIZ ABDELAZIZ,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff AZIZ ABDELAZIZ ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), to wit, for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**<u>JURISDICTION AND VENUE</u>**

    1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and FDCPA.

    2.    Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

    3.    The alleged violations described herein occurred in Broward County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4.   Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.   PRA is a Delaware corporation, with its principal place of business located in Norfolk, Virginia.

6.   Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

## FACTUAL ALLEGATIONS

7.   Plaintiff is the "Called Party" within the context of the TCPA. *See* Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014); Osorio, 746 F.3d 1242 at 1248.

8.   Plaintiff is the regular user and carrier of the cellular telephone number at issue, *to wit*, 954-652-9258 ("Plaintiff's Cellphone"), and is the Called Party and recipient of Defendant's hereinafter described calls.

9.   On a date better known by Defendant, Plaintiff began receiving calls on Plaintiff's Cellphone from Defendant, wherein Defendant was attempting to collect a debt. Said debt (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10.   Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11.   Defendant is a business entity engaged in the business of collecting consumer debts.

12.   Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.   The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

§1692a(5); Fla. Stat. §559.55(6).

14. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

15. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

16. All of the calls Defendant made to Plaintiff's Cellphone were made using an "automatic telephone dialing system" (an "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, but not limited to, a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) ("ATDS Calls").

17. Plaintiff will testify that he knew it was an ATDS because when Plaintiff answered a call from Defendant, Plaintiff would hear either an extended pause before a represented would come on the line, or an automated message telling Plaintiff that the call was from Defendant and to please return Defendant's call at a provided number.

18. Some and/or all of the calls at issue were placed by Defendant using a "prerecorded voice" as specified by 47 U.S.C. § 227(b)(1)(A).

19. None of Defendant's telephone calls to Plaintiff's Cellphone were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

20. On or about November-2018, Plaintiff received a call from Defendant, whereby Plaintiff – after answering such call, waiting through an extended pause, and ultimately being connected to a live representative of Defendant – demanded that Defendant, *inter alia*, cease placing calls to Plaintiff's Cellphone (the "Original Revocation Call").

21. During the Original Revocation Call, Plaintiff unequivocally revoked any express

PAGE | 3 of 9

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

consent Defendant may have had for placement of telephone calls to Plaintiff's Cellphone by and through the use of an ATDS and/or prerecorded or acritical voice.

22. All calls made to Plaintiff's Cellphone after the Original Revocation Call were made without the *express consent* of Plaintiff.

23. All calls made to Plaintiff's Cellphone by Defendant after the Original Revocation Call were calls Defendant made knowingly and willfully.

24. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse by, *inter alia*, calling Plaintiff's Cellphone, despite Plaintiff's repeated, express revocation of any consent Defendant may have had to place any such calls to Plaintiff's Cellphone.

25. All requests made by Plaintiff to Defendant for Defendant to stop harassing Plaintiff were ignored.

26. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in resulted in injury to Plaintiff, to wit, the invasion of Plaintiff's privacy and the intrusion of Plaintiff's right of seclusion.

27. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in injury to Plaintiff, to wit, the occupation of the telephone line associated with Plaintiff's Cellphone via unwelcomed calls from Defendant, making Plaintiff's Cellphone unavailable for legitimate calls, and/or making Plaintiff's Cellphone unavailable for outgoing calls while Plaintiff's Cellphone was ringing from Defendant's call.

28. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in injury to Plaintiff, *to wit*, the unnecessary expenditure of Plaintiff's time. Plaintiff had to waste time to deal with missed call notifications and call logs produced by Plaintiff's Cellphone as a result of Defendant's unwanted calls. Also, such unwanted calls further

impaired the usefulness of such features, in that, such features are designed to inform Plaintiff of important missed communications.

29. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in resulted in injury to Plaintiff, *to wit*, nuisance and annoyance to Plaintiff, whereby – for all calls that Plaintiff answered – Plaintiff has to go through the unnecessary trouble of having to answer such unwanted calls – and for calls that Plaintiff did not answer, Plaintiff had to deal with missed call notifications and call logs that reflected such unwanted calls. This also impaired the usefulness of said features of Plaintiff's Cellphone, whereby such features were designed to inform Plaintiff of important missed communications.

30. As a result of the above described calls, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation.

31. Defendant violated the TCPA, FDCPA, and FCCPA with respect to Plaintiff.

32. Defendant willfully and/or knowingly violated the TCPA and FCCPA with respect to Plaintiff.

### *COUNT I.* <br> **VIOLATION OF THE TCPA**

33. Plaintiff incorporates by referenced paragraphs 1-32 of this Complaint as thought fully set forth herein.

34. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

35. "Automatic telephone dialing system" refers to any equipment that has the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

"capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n.23 (2007)).

36. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make debt collection telephone calls to Plaintiff's Cellphone.

37. These calls were made without regard to whether Defendant had first obtained express written consent to make such calls.

38. In fact, Defendant did not have prior express written consent to call Plaintiff's Cellphone when the subject calls were made. Even so, on or about November-2018 (and a few times after), Plaintiff exility revoked any consent Defendant may have had to call Plaintiff; however, Defendant, nevertheless, continued its debt collection calls to Plaintiff.

39. Defendant, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make debt collection calls to without Plaintiff's express written consent, or, at minimum, after continuing to call Plaintiff's cellular telephone after Plaintiff explicitly revoked any consent Defendant *may* have had on or about December-2018.

40. All possible Defendants are directly, jointly, or vicariously liable for each such violation of the TCPA.

41. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff is entitled to, at minimum, $500.00 in statutory damages for each unlawful call placed by Defendant to Plaintiff's Cellphone and $1,500 in statutory damages for each call placed by Defendant to Plaintiff's Cellphone that is determined to have been a knowing violation of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

TCPA by Defendant.

## *COUNT II.*
## **VIOLATION OF THE FDCPA**

42. Plaintiff incorporates by referenced paragraphs 1-32 of this Complaint as thought fully set forth herein.

43. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 et seq.

44. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

45. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

46. Section 1692b(3) of the FDCPA by communicating with Plaintiff more than once without the reasonable belief that Plaintiff's earlier response was erroneous or incomplete and now Plaintiff has the correct or complete information.

47. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

## *COUNT III.*
## **VIOLATION OF THE FCCPA**

48. Plaintiff incorporates by referenced paragraphs 1-32 of this Complaint as thought fully set forth herein.

49. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

PAGE | **7** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

50. Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff in such frequency as can reasonably be expected to harass Plaintiff.

51. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff or any member of Plaintiff's family.

52. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

53. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

54. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AZIZ ABDELAZIZ respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages, as afforded by 47 U.S.C. § 227(b)(3), in the amount of $500 for each and every violation of the TCPA committed by Defendant.

(b) Statutory damages, as afforded by 47 U.S.C. § 227(b)(3), in the amount of $1,500 for each and every violation of the TCPA knowingly committed by Defendant.

(c) Statutory damages, as provided under 15 U.S.C. §1692k, for the FDCPA violation committed by Defendant;

(d) Statutory damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant;

(e) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(f) Costs and reasonable attorney's fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(g)     Any other relief that this Court deems appropriate and just under the circumstances.

DATED: May 26, 2019

                                      Respectfully Submitted,

                                      /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com